Edward J. Maney (#12256)
CHAPTER 13 TRUSTEE
P.O. Box 10434
Phoenix, Arizona 85064
Telephone: (602) 277-3776 Fax: (602) 277-4103
Email: ejm@maney13trustee.com

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| In re: | In Proceedings Under Chapter 13 |
|---|---|
| HARLAN S. SPARER, | Case No. 2:09-bk-19059-GBN |
| Debtor. | **TRUSTEE'S RECOMMENDATION** |

The Trustee has reviewed the Chapter 13 Schedules, Statement and Plan. The Trustee cannot recommend confirmation at the present time. The following issues must be resolved prior to confirmation of the Plan:

1. Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee.

2. Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

3. The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

4. The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

5. The Debtor is required to provide directly to the Trustee, **within 30 days after the returns are filed,** copies of his federal and state income tax returns for each year during the life of the Plan. This requirement is to be included in the Stipulated Order Confirming the Plan.

6. Within one year of the commencement of this case and for every tax year during the pendency of the Plan, the Debtor is required to prepare and file with the Court (with copies provided to the Trustee) amended Schedules I and J. If the Debtor is receiving pay stubs as of the date the amended Schedules are required, the Debtor must also provide the Trustee with copies of two most

recent, consecutive pay stubs to the Trustee with the amended Schedules. The Debtor will also be required to comply with all other provisions of 11 U.S.C. §521(f)(4) and (g).

7. At the time of confirmation, the Trustee will require the Debtor to certify that he is current on all required tax filings and any domestic support orders.

8. The original 2016(b) Disclosure Statement and the Amended Statement (docket #21) and Item #9 of the original filed by counsel for the Debtor differs from the Application for Payment of Administrative Expense contained in the Plan. The Trustee objects to the Application if the fee agreement signed by the Debtor differs from the Application for Payment of Administrative Fees. The Trustee requires a copy of the attorney fee agreement no later than **July 30, 2010**. In addition, Debtor's counsel must file an amended 2016(b) Statement or Fee Application, either of which accurately reflect the total amount of fees agreed to in the fee agreement, the total amount of fees paid prior to filing and the total amount to be paid through the Plan. The Trustee requires compliance by **July 30, 2010**.

9. Pursuant to the Amended 2016(b) Statement filed by Debtor's counsel, counsel received $3,500.00 prior to filing this case. The Plan includes an application for fees in the amount of $3,500.00, for a total of $7,000.00, which exceeds the "no-look" limit in this District. However, as noted above, the Amended 2016(b) Statement differs from the Fee Application in the Plan, in that the 2016(b) Statement does not indicate any remaining attorneys fees to be paid. It is unclear how much Counsel is actually seeking in attorneys fees for this case. Counsel for Debtor is advised that if the legal fees in this case exceed the no-look limit for this District, the Trustee objects to attorneys fees unless a Fee Application is filed with the Court. The Trustee requires a provision in any proposed order confirming that any amount of fees requested over the no-look limit will not be disbursed until the fee application is approved by the Court. The fee application must be for *all fees* sought in the case, not simply the amounts over and above the no-look limit.

10. BAC Home Loan Servicing has filed an objection to the plan. The Trustee requires the Debtor(s) to provide written notification as to whether the objections have been resolved or request the Court set a hearing on the objections by **July 30, 2010**. The Trustee notes that a hearing on the objection has already been rescheduled for July 13, 2010. If resolution of the objection

changes Plan funding requirements, the Trustee requires an amended Plan analysis with any proposed Order confirming the Plan. If a motion is filed to get a hearing before the Court, the time to submit a proposed Order confirming the Plan to the Trustee is extended.

11. The Trustee requires the Debtor to provide complete copies of bank statements from any and all bank accounts listed on Schedule B showing the balance of each account as of August 10, 2009 (the date the petition was filed) as well as bank statements for the 30 days prior to filing. The statements must include the balance in each account, all withdrawals from each account and all deposits into each account. No information is to be "blacked out" or omitted. The Trustee requires compliance by **July 30, 2010**.

12. The Trustee has provided the Debtor with a Self-Employed/Business Case Package, which contains Self-Employed/Business Case Questionnaire, a List of Current Trade Creditors, and two monthly Business Operating Statements (BOS). An additional copy of the Package is enclosed with Debtor's copy of this Recommendation. The Debtor has filed required BOS for June 2009 to April 2010. He has not, however, returned the Business Questionnaire and List of Current Trade Creditors. The Debtor is required to return the Business Questionnaire and List of Current Trade Creditors and all appropriate accompanying documents to the Trustee no later than **July 30, 2010** The Debtor is also required to prepare and *file with the Court* (with copies submitted to the Trustee) Business Operating Statements for the months of May and June 2010 no later than **July 30, 2010**. The Debtor is advised that this is a **monthly filing requirement**. The Debtor must continue to file Business Operating Statements with the Court and submit copies to the Trustee. Business Operating Statements shall be filed on or before the fifteenth (15th) of each month and shall ONLY include self-employment income and expenses for the prior month. The July 2010 BOS is due August 15, 2010.

13. Item #17 on Debtor's Schedule I and Item #19 on Debtor's Schedule J were not completed. The Trustee requires the Debtor to prepare and file an appropriate amendment to Schedules I and J which responds to those Items, pursuant to 11 U.S.C. §521(a)(1)(B)(vi), even if the response is "None."

14. The Trustee requires the Debtor to provide verification and documentation of the rental income listed on Schedule I. The Debtor may provide the Trustee with a copy of bank statements showing deposits of that amount or some other documentation verifying receipt of that monthly income.

15. The Trustee requires a provision in any proposed Order confirming submitted by the Debtor that the rental property located at 325 Inspiration Drive, Sedona, Arizona, does not vest back in the Debtor until the Plan is completed. In addition, any proposed Order must include a provision that if the rental property is sold within the term of the Plan, any amount over and above the Chapter 7 reconciliation amount must be turned over to the Trustee.

16. In light of the issues raised in paragraphs 9 and 10 above, the Trustee estimates an $18,442.61 shortfall in the funding of Debtor's Plan. The Trustee requires the Debtor to provide proof of feasibility by **July 30, 2010**.

**Plan Payment Status**:

17. The Debtor's Plan payments in the amount of $100.00 are current through June 2010, with the next scheduled payment coming due July 10, 2010.

**RECOMMENDATION**

The Trustee does not recommend confirmation of the Chapter 13 Plan under the present conditions. The Trustee requires the Debtor to address the issues raised in paragraphs 6 through 16 by **July 30, 2010**. The Trustee will lodge an Order dismissing Debtor's case if the above items are not addressed by July 30, 2010. If the Debtor has any questions or concerns regarding this Recommendation, the Debtor should contact his/her attorney. If the Debtor is not represented by counsel, the Debtor may contact the Case Administrator at extension 217.

Dated: [see signature block]

                                                                                       _____
Edward J. Maney
Chapter 13 Trustee

: : : :

: : : :

4

1 | Copy of the foregoing mailed this [see signature block] to:
2 | LAWRENCE D. HIRSCH, ESQ.
7310 N 16TH ST STE 330
3 | PHOENIX AZ 85020
4 | HARLAN S. SPARER
1251 E HERMOSA
5 | TEMPE AZ 85283

7 | _____