Mark S. Bosco (SBN 010167)
Leonard J. McDonald (SBN 014228)
Kevin P. Nelson (SBN 023381)

**TB** TIFFANY & BOSCO
P.A.

Third Floor, Camelback Esplanade II
2525 East Camelback Road
Phoenix, Arizona 85016-4237
Telephone: (602) 255-6000
Facsimile: (602) 255-0103
Email: msb@tblaw.com; ljm@tblaw.com; kpn@tblaw.com
*Attorneys for BAC Home Loan Servicing, L.P. fka Countrywide Home Loans Servicing, L.P.*

09-21216/XXXXX9674

# IN THE UNITED STATES BANKRUPTCY COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>HARLAN SCOTT SPARER,<br><br>Debtor.<br><br>BAC HOME LOAN SERVICING, L.P. fka COUNTRYWIDE HOME LOANS SERCVING, L.P.<br><br>Secured Creditor,<br><br>vs.<br><br>HARLAN SCOTT SPARER, DEBTOR; OFFICE OF THE U.S. TRUSTEE, TRUSTEE,<br><br>Respondents. | Chapter 13<br><br>Case No. 2:09-bk-19059-GBN<br><br>**BAC HOME LOAN SERVICING, L.P., FKA COUNTRYWIDE HOME LOANS SERVICING, L.P. MEMORANDUM OF LAW ADDRESSING DEBTOR'S ABILITY TO INCLUDE A BALLOON PAYMENT IN HIS CHAPTER 13 PLAN** |

BAC Home Loan Servicing, L.P., formerly known as Countrywide Home Loans Servicing, L.P., a secured creditor ("BAC") hereby submits its Memorandum addressing Harlan Scott Sparer's ("Debtor") ability to include a balloon payment in his Chapter 13 Plan. BAC's objection to the Debtor's Chapter 13 Plan (the "Plan") should be sustained and Debtor's request for confirmation of the Plan denied. There is an overwhelming amount of legal authority prohibiting balloon payments in a Chapter 13 Plan because such payments violate the express requirement of § 1325(A)(5)(B)(iii)(I) of the Bankruptcy Code.

This Memorandum is supporting by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. BACKGROUND

Debtor executed a Note in favor of BAC. The Note is secured by a Deed of Trust which is recorded against real property located at 325 Inspiration Drive, Secona, Arizona 86336 (the "Property"). Debtor is in default on the Note.

Debtor filed bankruptcy under Chapter 13 of the Bankruptcy Code on August 10, 2009 and submitted the Plan on August 25, 2009. BAC timely objected thereto.

In the Plan, Debtor asserts that the Property is "no longer Debtor's principal residence" and is currently worth $220,000.00. BAC disputes those assertions. Debtor fails to explain the nature of his interest in the Property and represented to BAC that the Property was his primary residence in order to obtain the loan evidenced by the Note and Deed of Trust (the "Loan"). Further, Debtor provides no evidentiary support for the assertion that the Property is only worth $220,000.00. Debtor's valuation of the Property in the Plan conflicts with his $255,000.00 valuation of the Property as set forth in his

Schedules filed on August 25, 2009. However, for the purpose of this Memorandum only, BAC will treat those allegations as true.

Debtor proposes to treat BAC's secured interest in the Property by modifying the principal balance of the Loan to $220,000.00. The Plan states that Debtor will make monthly interest payments of $916.67 toward the modified balance of the Loan for sixty months. At an unspecified time after the final payment is made on the Plan, Debtor proposes to pay "the entire principal balance" on the Loan. Although the term is not used, the payment of the "entire principal balance" on the Loan constitutes what is commonly referred to as a "balloon payment."

## II. LEGAL ARGUMENT.

### a. THE PROPOSED BALLOON PAYMENT IS PROHIBITED.

With respect to allowed secured claims against nonresidential real property, it is well-settled that a debtor may not modify the secured claim <u>and</u> repay it over a period longer than the Chapter 13 plan term. *In re Enwally*, 368 F.3d 1165, 1172 (9th Cir. 2004).

Here, the Debtor has modified BAC's secured claim by reducing its value by approximately $224,000.00 as set forth in the Plan. Therefore, the Debtor must repay the remaining value of BAC's secured claim during the sixty-month term of the Plan. *Id.* However, the Debtor proposes to pay the "entire principal balance" on the Loan after the sixty-month Plan period. That proposition is in violation of the limitations on Chapter 13 plans as discussed in *In re Enwally* because it proposes to repay a modified secured claim over a period of time longer than the Plan term. *Id.* Therefore, the Plan must be denied.

Further, because the Debtor is not surrendering the Property to BAC and BAC has objected to the Plan's treatment of its secured claim, the Debtor must provide for BAC's secured claim in the Plan in compliance with the requirements of § 1325(a)(5)(B) of the Bankruptcy Code. 11 U.S.C. § 1325(a)(5).

One of the express requirements of § 1325(a)(5)(B) of the Bankruptcy Code is that if the "property to be distributed pursuant to this subsection is in the form of periodic payments, *such payments shall be in equal monthly installments.*" 11 U.S.C. § 1325(A)(5)(B)(iii)(I) (emphasis added). Here, as set forth above, the Plan calls for periodic payments to BAC during its sixty-month term in equal monthly installments of $916.67 per month. However, in addition to those payments, the Plan calls for a balloon payment of the "entire principal balance" on the Loan at some unspecified time.

Such balloon payments are an abuse of the Bankruptcy Code which the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA") was intended to prohibit. *See In re DeSardi*, 340 B.R. 790, 793, 810 (S.D. Tex. 2006). The reason for the prohibition is that such balloon payments shift the majority, if not all, of the risk that the Debtor will not fully perform under a Chapter 13 plan on the secured creditor. *Id.*

Further, such balloon payments do not comply with the plain language of §1325(A)(5)(B)(iii)(I). A balloon payment, by its very terms, "is not equal to the proceeding payments and therefore it is prohibited by § 1325(A)(5)(B)(iii)(I)." *In re Hamilton*, 401 B.R. 539, 543 (1st Cir. BAP 2009). That interpretation is supported by an overwhelming number of courts. *See In re Lemieux*, 347 B.R. 460, 463-64 (Bankr. D. Mass. 2006); *In re Wagner*, 342 B.R. 766, 771-72 (Bankr. E.D. Tenn. 2006) (stating that the plan must provide for equal monthly payments over the life of the plan until the lien claim is satisfied); *In re Schultz*, 363 B.R. 902, 906 (Bankr. E.D. Wis. 2007) ("periodic payments must be equal, period."); *In re Flynn*, 402 B.R. 437, 442 (1st Cir. BAP 2009); *In re Henning*, 420 B.R. 773, 788-89 (Bankr. W.D. Tenn. 2009) (citing the unpublished opinion *In re Acosta*, 2009 WL 2849096 (Bankr. N.D. Cal. 2009)); *see also* William J. McLeod, Trick or Treat: A (Not-So)-Scary Look at Equal Monthly Payments Under §

-4-

1325(a)(5), 27 Oct. Am. Bankr. Inst. J. 14 (2008); *but see In re Davis*, 343 B.R. 326, 328 (Bankr. M.D. Fla. 2006).

In sum, the balloon payment set forth in the Plan is exactly the type of abusive bankruptcy practice that BAPCPA was intended to terminate. The express language of § 1325(A)(5)(B)(iii)(I) is evidence of that intent. Because the Plan sets forth a balloon payment in regard to its treatment of BAC's secured claim, it must be denied.

## III. CONCLUSION

For the foregoing reasons, BAC respectfully requests that this Court sustain BAC's objection and deny the Plan's confirmation.

RESPECTFULLY SUBMITTED this 3rd day of August, 2010.

**TIFFANY & BOSCO, P.A.**

By: /s/ Kevin P. Nelson
Mark S. Bosco
Leonard J. McDonald
Kevin P. Nelson
Third Floor Camelback Esplanade II
2525 East Camelback Road
Phoenix, Arizona 85016-4237
*Attorneys for BAC Home Loan Servicing, L.P. fka Countrywide Home Loans Servicing, L.P.*

**FOREGOING** electronically filed with the U.S. Bankruptcy Court this 3rd day of August, 2010, with a **COPY** of the foregoing mailed the same day to:

Harlan Sparer
1251 E. Hermosa Dr.
Tempe, AZ 85283
Debtor

| | |
|---|---|
| 1 | |
| 2 | Lawrence D. Hirsch |
|   | 7310 N. 16th Street |
| 3 | Suite 330 |
|   | Phoenix, AZ 85020 |
| 4 | Attorney for Debtor |
| 5 | Edward J. Maney |
|   | P.O. Box 10434 |
| 6 | Phoenix, AZ 85064-0434 |
| 7 | Trustee |
| 8 | |
|   | By: April Crane |
| 9 | |

-6-